**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HAROLD N. TAYLOR, JR.,**

                              **Plaintiff,**

   vs.                                                              9:10-cv-140
                                                                                    (MAD/RFT)

**NEW YORK STATE DEPARTMENT**
**OF CORRECTIONS; BRIAN FISCHER,**
**Commissioner, New York State Department**
**of Correctional Services; BRUCE YELICH,**
**Superintendent, Bare Hill Correctional Facility;**
**DEBBIE KEMP, Deputy Superintendent of**
**Administration, Bare Hill Correctional Facility;**
**CAPTAIN HARVEY, Individually and in his**
**official capacity as Security Captain, Bare Hill**
**Correctional Facility; SERGEANT GILMORE,**
**Individually, and in his official capacity as**
**Corrections Sergeant at Bare Hill Correctional Facility;**
**BR. RUSSELL, Officer, Individually and in his official**
**capacity as Corrections Officer at Bare Hill**
**Correctional Facility; DALE ARTUS, Superintendent,**
**Clinton Correctional Facility; STEVEN SWEENEY,**
**Individually and in his official capacity as Corrections**
**Sergeant at Clinton Correctional Facility; DAVID HARDIN,**
**Individually and in his official capacity as Corrections**
**Officer at Clinton Correctional Facility; and TODD**
**GOODMAN, Individually and in his official capacity as**
**Corrections Officer at Clinton Correctional Facility,**

                                        **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**HAROLD N. TAYLOR, JR.**
**06-B-2920**
Gowanda Correctional Facility
PO Box 311
Gowanda, New York 14070
Plaintiff *pro se*

| | |
|---|---|
| **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | **JAMES SEAMAN, AAG** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

In a civil rights complaint dated January 29, 2010, Plaintiff alleges, among other things, that Defendants subjected him to excessive force and retaliated against him for filing grievances. *See* Dkt. No. 1. On June 3, 2011, Defendants filed a motion for summary judgment. *See* Dkt. No. 37. Despite requesting and being granted several extensions of time, Plaintiff did not oppose Defendants' motion.

In a February 23, 2012 Report-Recommendation and Order, Magistrate Judge Treece recommended that the Court grant Defendants' motion and enter judgment in Defendants' favor. *See* Dkt. No. 42. Specifically, Magistrate Judge Treece found that (1) Defendants Gilmore, Sweeney, Goodman, and Hardin should be dismissed because Plaintiff failed to exhaust his administrative remedies as to his claims against them; (2) Plaintiff's retaliation claim should be dismissed because Plaintiff failed to establish any connection between Defendant Russell and Harvey and the grievance Plaintiff filed against Defendant Gilmore; (3) Plaintiff's due process claim against Defendant Kemp should be dismissed because Plaintiff failed to allege any liberty interest by which he was entitled to some measure of due process; (4) Plaintiff's conspiracy claim should be dismissed because he has failed to state any underlying constitutional violation; and (5) Plaintiff's request for injunctive against DOCCS should be dismissed as moot. *See id.* at 9-21. Plaintiff did not object to Magistrate Judge Treece's February 23, 2012 Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Treece's February 23, 2012 Report-Recommendation and Order, the record, and the applicable law, the Court concludes that Magistrate Judge Treece

correctly recommended that the Court should grant Defendants' motion for summary judgment and enter judgment in Defendants' favor.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's February 23, 2012 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 16, 2012
          Albany, New York

Mae A. D'Agostino
U.S. District Judge